```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. |
| ) | 5:19-04-JMH-1 |
| v. ) | |
| ) | |
| EDWARD MALIK COTTON, ) | |
| ) | **OPINION AND ORDER** |
| Defendant. ) | |
| ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Defendant Edward Cotton's *pro se* motions for compassionate release and for appointment of counsel (DE 38 & DE 39). For the reasons stated below, Cotton's motions are **denied**.

On February 21, 2019, Cotton pleaded guilty to one count of possession with intent to distribute 10 grams or more of a detectable amount of acetylfentanyl, a fentanyl analogue. (DE 16, DE 17). This Court sentenced Cotton to a term of 100 months[1] with four years of supervised release. (DE 24, DE 25).

---

[1] Per the PSR, the Guidelines calculated Cotton's sentence at a range of 120-150 months, based on his total offense level of 27 and his criminal history category of V. Prior to sentencing, the defendant made an objection to the firearms enhancement listed in the PSR, as well as moved for a downward variance, ultimately asking the Court to impose a sentence of 70 months. (DE 21). On May 28, 2019, at the sentencing hearing, while the Court overruled the objection to the enhancement, the Court granted Cotton's request for a downward variance to the extent that the sentence was *below* the advisory Guidelines range. (DE 24).

In December 2020, the Court received a handwritten letter from Cotton requesting a sentence reduction. In the letter, Cotton described how well he had learned to adjust to his first time behind bars, trying his best to take advantage of the institutional resources provided to him. (DE 32 at 1). Cotton also mentioned that he had a young child and expressed the heartache he felt knowing that he had left her behind to be raised without him. (*Id.* at 2). Finally, Cotton mentioned the pandemic and that he had previously tested positive for COVID-19, despite trying his best efforts to "avoid contracting" the virus. (*Id.*). Given the substance of the letter, the Court in its discretion, construed the letter as a motion filed pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and 18 U.S.C. § 3582(c)(1)(A), and ordered the United States to file a response. (DE 31).

Cotton is currently incarcerated at the United States Penitentiary (USP) in Terre Haute, Indiana, and his projected release date is November 23, 2025. He has filed a second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) on the basis of "extraordinary and compelling reasons." (DE 38).

As an initial matter, it is important to note that the operative statute does not define what it means to be "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section

3582(c)(1)(A) provides some guidance; however, the Sixth Circuit has determined that the policy statement applies only to motions filed by the BOP and does not apply when a defendant moves for compassionate release on his own behalf. *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). In such cases, district courts are no longer constrained by the reasons enumerated in §1B1.13's application note. *See id.*; *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021); *see also United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Thus, courts need not rely on the application note as binding in its analysis; instead, a court may exercise its "*full discretion*" to determine whether the defendant has demonstrated extraordinary and compelling reasons for compassionate release, *Jones*, 980 F.3d at 1111 (emphasis added), and, if so, whether the section 3553(a) factors weigh in favor of release. Even when the district court determines that the inmate meets the requirements, the "court 'may reduce the term of imprisonment,' but need not do so." *Elias,* 984 F.3d at 518 (quoting § 3582(c)(1)(A)). Cotton bears the burden to show that he is entitled to release. *United States v. Thompson*, No. 3:17-CR-170-CHB, 2021 WL 2418573, at *3 (W.D. Ky. June 14, 2021).

In the Court's previous opinion (DE 37 at 11-12), the Court found that neither extraordinary or compelling reasons existed to justify Cotton's release. In so assessing, the Court considered the fact that Cotton did not have a serious medical condition or

did not meet any of the other circumstances listed in U.S.S.G. § 1B1.13 cmt. n.1. Cotton merely argued that he had been rehabilitated; this time, like the last, Cotton makes similar arguments. However, as the Court did previously, it declines to entertain Cotton's argument that his rehabilitation efforts should grant him early release.

Notwithstanding, Cotton also mentions that he is fearful of contracting COVID-19 and any of the other variants, noting that prison facilities are more prone to outbreaks. Cotton does not mention whether he has been vaccinated.[2] But first and foremost, Courts have generally found that any fears in contracting the virus while incarcerated is not an "extraordinary and compelling" reason to grant compassionate release. *See United States v. Wood*, No. 2:12-cr-27-1, 2021 WL 1134772, at *5 (E.D. Tenn. Mar. 24, 2021); *United States v. Jent*, No. CR 6:13-026-DCR, 2020 WL 6829760, at *1 (E.D. Ky. Nov. 20, 2020); *see United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *2 (6th Cir. May 21, 2020) ("Courts have been reluctant to find that generalized fears of contracting COVID-19, without more, constitute a compelling reason." (citation omitted)).

---

[2] In any case, the Sixth Circuit has held that "a defendant's incarceration during the COVID-19 pandemic — when the defendant has access to the COVID-19 vaccine — does not present an 'extraordinary and compelling reason' warranting a sentence reduction. *United States v. Lemons*, 14 F.4th 747 (6th Cir. 2021).

Cotton states that his "high susceptibility" to COVID-19 and the other variants (DE 38 at 2) falls within the purview of the "catchall provision" that the Court described earlier. (See DE 37 at 11-12). However, Cotton does not mention that he suffers from any medical condition, albeit serious or chronic, that requires outside medical attention that cannot be received at his current facility. Nor has he presented any evidence at all. Upon review, the Court **declines** to find that any extraordinary or compelling reasons exist to grant Cotton early release.

The Court is pleased that Cotton is taking advantage of the institutional, educational programs offered by the Bureau of Prisons, and that he has gone ahead to receive his GED; however, in review of the § 3553(a) factors, the Court continues to believe that, if released now, Cotton would be a danger to society. Early release would not promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from any further crimes by him. In so finding, the Court has balanced the factors under 18 U.S.C. § 3553(a) in conjunction with the compassionate release issues not in play at the original sentencing and the arguments raised by Cotton in this motion, and continues to finds that release is not appropriate.

Finally, the Court will **deny** Cotton's motion for appointment of counsel. There is no constitutional right to counsel in proceedings filed under 18 U.S.C. § 3582. *United States v. Walker*,

Criminal Action No. 6:06-111-DCR, 2019 WL 3240020, at *4 (E.D. Ky. July 18, 2019) (citing *United States v. Bruner*, No. 5:14-cr-05-KKC, 2017 WL 1060434, at *2 (E.D. Ky. Mar. 21, 2017)). The decision to appoint counsel falls within the Court's discretion, but appointment of counsel is unnecessary where the issues raised in a § 3582 motion "are straightforward and resolvable upon review of the record." *United States v. Clark*, Criminal Action No. 6:07-013-DCR, 2019 WL 7161209, at *2 (E.D. Ky. Feb. 14, 2019). The Court finds that denial of Cotton's § 3582 motion is appropriate; therefore, there is no reason to appoint him counsel.

Accordingly, for the reasons stated herein, and in the Court's previous opinion and order (DE 37) it is not appropriate to order Cotton's release.

IT IS ORDERED that Defendant Edward Malik Cotton's motion for compassionate release (DE 38) and motion for appointment of counsel (DE 39) are hereby DENIED.

Dated this 23rd day of June, 2022.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge